**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Donovan Hugh JONES, Defendant–
Appellant.**

**No. 08–14128
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 29, 2009.

Peggy Morris Ronca, Orlando, FL, for Plaintiff–Appellee.

Donovan Hugh Jones, Raymondville, TX, for Defendant–Appellant.

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Donovan Hugh Jones, a *pro se* petitioner, appeals the district court's sentence imposed following a grant of his motion for reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines.* Jones argues that the district court failed to treat the amended Guideline range as advisory at the time of his resentencing, as stated in *United States. v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). He proposes that we follow *United States v. Hicks,* 472 F.3d 1167 (9th Cir.2007), and conclude that limitations on § 3582(c)(2) sentencing reductions impermissibly treat the Guidelines as mandatory. We review *de novo* a district court's conclusions on its authority to reduce sentences under § 3582(c)(2). *United States v. James,* 548 F.3d 983, 984 (11th Cir.2008).

Finding no reversible error, we affirm. *Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings. *United States v. Melvin,* 556 F.3d 1190, 1193 (11th Cir. 2009), *cert. denied,* 129 S.Ct. 2832 (2009). A district court is bound by the limitations of § 3582(c)(2) and by applicable policy statements by the Sentencing Commission. *Id.* We have also already declined to follow Hicks, for the reasons set forth above. *Id.*

**AFFIRMED.**

---

* Amendment 706 reduced the U.S.S.G. § 2D1.1 base offense level for possession of certain quantities of crack cocaine.